**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MOSES SMITH, GREAT OLATHE CENTER, )<br>LLC, VANTRUST REAL ESTATE, LLC and )<br>MC REALTY GROUP, LLC, )<br>)<br>Defendants. )<br>_____) | Case No. 2:17-CV-02282 |

**COMPLAINT FOR DECLARATORY RELIEF**

COMES NOW plaintiff and for its complaint for declaratory relief, alleges and states:

1. Plaintiff is a Pennsylvania corporation with its principal place of business in Bala Cynwyd, Pennsylvania.

2. Defendant Moses Smith is a resident and citizen of the State of Kansas.

3. Defendant Great Olathe Center, LLC (hereinafter "Great Olathe") is a Kansas limited liability company which owns the Great Mall of the Plains located in Olathe, Kansas.

4. Defendant Vantrust Real Estate, LLC is Missouri limited liability company, authorized to do business in the State of Kansas, which operates the Great Mall of the Plains located in Olathe, Kansas.

5. Defendant MC Realty Group, LLC (hereinafter "MC") is a Missouri limited liability company which maintains the Great Mall of the Plains.

6. Jurisdiction is conferred upon this Court under 28 USC § 1332 in that the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and

Case 2:17-cv-02282-JAR-GEB   Document 1   Filed 05/16/17   Page 2 of 3

*Philadelphia Indemnity Insurance Company vs. Moses Smith, et al.*; U.S.D.C. of Kansas Case No. 2:17-CV-02282
COMPLAINT FOR DECLARATORY RELIEF
Page 2

costs.

7. Defendant Moses Smith has filed suit against Great Olathe, Vantrust and MC in the Johnson County District Court (case no. 16 CV 03326, Div. 7) for personal injuries allegedly sustained as a result of exposure to mold in the building owned by Great Olathe, operated by Vantrust and maintained by MC.

8. Plaintiff issued a policy of insurance to Great Olathe and Vantrust (policy no. PHPK1103715) which insured them as owners and operators of the Great Mall of the Plains, subject to the terms and conditions thereof and exclusions therein.

9. The policy contains an exclusion entitled Fungi or Bacteria Exclusion (endorsement CG21 67 12 04), which provides:

> A. The following exclusion is added to Paragraph 2. Exclusions of Section I - Coverage A- Bodily Injury and Property Damage Liability:
>
> > 2. **Exclusions**
> > This insurance does not apply to :
> > **Fungi or Bacteria**
> >
> > a. "Bodily injury" or "property damage" which would not have occurred in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in an sequence to such injury or damage.
> >
> > b. Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying,

Case 2:17-cv-02282-JAR-GEB   Document 1   Filed 05/16/17   Page 3 of 3

*Philadelphia Indemnity Insurance Company vs. Moses Smith, et al.*; U.S.D.C. of Kansas Case No. 2:17-CV-02282
COMPLAINT FOR DECLARATORY RELIEF
Page 3

neutralizing, remediating or disposing of, or in any way related to, or assessing the effects of, "fungi" or bacteria by any insured or by any other person or entity.

C.   The following definition is added to the Definition Section: "Fungi" means any type or form of fungus, including mold or mildew and any microtoxins, spores, scents or byproducts produced or released by fungi.

10. There is no coverage under the subject policy for the mold-related personal injury claims of defendant Moses Smith.

11. Pursuant to 28 USC §2201, plaintiff is entitled to a declaration that there is no coverage under the subject insurance policy for the mold-related personal injury claims of Moses Smith and that, as a result, plaintiff has no obligation to defend Great Olathe or Vantrust in the Johnson County litigation.

WHEREFORE, plaintiff prays the Court for a declaration that there is no coverage under the subject insurance policy for the mold-related personal injury claims of Moses Smith and that, as a result, plaintiff has no obligation to defend Great Olathe or Vantrust in the Johnson County litigation.

/s/Scott J. Gunderson
Scott J. Gunderson, SC#10308
NELSON, GUNDERSON & LACEY
1861 N. Rock Road, Ste. 211
Wichita, Kansas 67206
Telephone: (316) 618-3800
Facsimile: (316) 618-3900
E-mail: sjg@nelsongunderson.com
*Counsel for plaintiff*